**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CITY OF DETROIT,

        Plaintiff,

v.                                    Case No. 03-CV-74279-DT

TXU ENERGY RETAIL COMPANY L.P. f/k/a
TXU ENERGY SERVICES and SEMINOLE
ENERGY SERVICES,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF CITY OF DETROIT'S "MOTION TO STAY
PROCEEDINGS TO ENFORCE JUDGMENT WITHOUT BOND PURSUANT TO
FED. R. CIV. P. 62(B) AND (F)"**

Pending before the court is Plaintiff City of Detroit's October 11, 2005 "Motion to

Stay Proceedings to Enforce Judgment Without Bond Pursuant to Fed. R. Civ. P. 62(b)

and (f)."[1]  Having reviewed the motion, the court concludes that a hearing is

unnecessary.  E.D. Mich. LR 7.1(e)(2).  For the reasons set forth below, the court will

deny Plaintiff's motion.

**I.  DISCUSSION**

Plaintiff seeks to "stay proceedings on the enforcement of the [court's] judgment"

pursuant to three provisions of Federal Rule of Civil Procedure 62: Fed. R. Civ. P. 62

(b), (d), and (f).  (Pl.'s Mot. at 1.)

_____

[1] On October 11, 2005, Plaintiff also filed a "Motion for New Trial or to Alter or
Amend Judgment Pursuant to Fed. R. Civ. P. 59(a) and (e)."

## A.  Federal Rule of Civil Procedure 62(b)

Pursuant to Rule 62(b):

> In its discretion and on such conditions for the security of the adverse
> party as are proper, the court may stay the execution of or any
> proceedings to enforce a judgment pending the disposition of a motion for
> a new trial or to alter or amend a judgment made pursuant to Rule 59, or
> of a motion for relief from a judgment or order made pursuant to Rule 60,
> or of a motion for judgment in accordance with a motion for a directed
> verdict made pursuant to Rule 50, or of a motion for amendment to the
> findings or for additional findings made pursuant to Rule 52(b).

Fed. R. Civ. P. 62(b).  Plaintiff asks that the court decide in its discretion to stay the
proceedings in this case pending its disposition of its "Motion for New Trial or to Alter or
Amend Judgment Pursuant to Fed. R. Civ. P. 59(a) and (e)."  Aside from a one-
sentence request to stay proceedings under Rule 62(b), Plaintiff provides no further
elaboration as to why a stay is appropriate.  Plaintiff's cursory request, without any
reasoned analysis, is simply insufficient to convince the court that a stay is warranted.
The court is not convinced that, for example, Plaintiff's motion for a new trial has a
strong likelihood of success or that Defendant would be unable to return the judgment
should the court grant Plaintiff's motion for a new trial.  "Rule 62(b) does not require the
court to grant a stay in all cases, but provides that the court may grant relief in its
discretion and on such conditions for the security of the adverse party as are proper."
*Donellan Jerome, Inc. v. Trylon Metals, Inc.*, 270 F.Supp. 996, 999 (D.C. Ohio 1967).
Here, Plaintiff has provided no explanation as to why a stay would be proper in this
case.  Accordingly, the court will deny Plaintiff's perfunctory request for a stay under
Rule 62(b).

**B.  Federal Rule of Civil Procedure 62(d)**

Fed. R. Civ. P. 62(d) states:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d).  "Rule 62(d) allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond.  In the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement."  *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) (citation omitted).

In support of its request, Plaintiff relies on *Poplar Grove Planting and Refining Co., Inc. v. Bache Hasley Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), asserting that the purpose of Federal Rule of Civil Procedure 62 is "to permit an appellant to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal."  (Pl.'s Mot. at 2 (citing *Poplar Grove*, 600 F.2d at 1191).)[2]  However, the *Poplar Grove* court dealt with the amount and conditions for a supersedeas bond under Rule 62(d), not the requirements for obtaining a stay under Rule 62.  *Poplar Grove*, 600 F.2d at 1191 ("The predecessor to present Fed. R. Civ. P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include

---

[2]Plaintiff contends that "there is no guarantee that if the City pays the escrowed funds or additional money to Seminole, it will be able to recoup these funds from Seminole if the judgment is revered on appeal."  (*Id.*)

3

'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'"). Plaintiff has not made a showing that it will be unable to recover the funds it has been ordered to pay to Defendant if the judgment is reversed on appeal.

In considering whether an appellant is entitled to a stay under Rule 62(d), the Supreme Court requires the court to assess: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Fed. Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).)

In this case, Plaintiff has not presented any reason why the court should believe that Plaintiff is likely to succeed on the merits on appeal, or that it will be irreparably injured absent a stay.  Instead, issuance of a stay would more likely injure Defendant. In its response to Plaintiff's motion, Defendant points out that it very well "faces a substantial likelihood of not being able to collect the interest it was awarded in light of Plaintiff's well-documented dire financial position."  (Def.'s Resp. at 8.)  In addition, Plaintiff has not described how the public interest would be adversely affected by a denial of a stay.  The court finds, therefore, that Plaintiff has not satisfied the requirements of Rule 62(d).

Even if the court were to grant Plaintiff's motion under Rule 62(d) and stay execution of the judgment, the court would nonetheless decline to exercise its discretion

4

to waive the bond requirement in this case.  *Dillon*, 866 F.2d at 904.

> When determining whether to waive the posting of bond, the district court
> may look to several criteria enumerated by this court: (1) the complexity of
> the collection process; (2) the amount of time required to obtain a judgment
> after it is affirmed on appeal; (3) the degree of confidence that the district
> court has in the availability of funds to pay the judgment (*see Lightfoot*, 797
> F.2d at 506 (noting that the "procedure for collecting a judgment against
> the State [of Illinois] is not only cumbersome and time consuming, but
> uncertain in outcome, since the judgment cannot be paid unless and until
> the State legislature votes to appropriate the money necessary to pay it"));
> (4) whether "the defendant's ability to pay the judgment is so plain that the
> cost of a bond would be a waste of money" (*Olympia Equipment*, 786 F.2d
> at 796; *see also Carbon County Coal*, 799 F.2d at 281 (finding that the
> appellant, a public utility, was solvent and "good for" the judgment)); and
> (5) whether the defendant is in such a precarious financial situation that the
> requirement to post a bond would place other creditors of the defendant in
> an insecure position (*Olympia Equipment*, 786 F.2d at 796).  Applying
> these principles to the present case leads to the conclusion that the City
> should not be required to post bond, or other alternate security, to obtain a
> stay of the execution of the judgment or payment of fees and costs.

*Id.* at 904-05.  Plaintiff relies on the *Dillon* court's finding that because the defendant
was a large municipality, the defendant was likely to have adequate funds to pay the
judgment in question.  (Pl.'s Mot. at 5.)  The *Dillon* court did not determine that the City
of Chicago could pay the judgment solely because it was a large municipality.  Instead,
the court noted the many pieces of evidence that the City presented in support of its
contention that it was financially solvent and responsible:

> The City submitted affidavits to the district court, which the plaintiff did not
> dispute, outlining the mode of payment of employment discrimination
> judgments against the Chicago Police Department. The entire process of
> payment of the judgment and fees and costs should take less than thirty
> days, and is guaranteed to be paid from the Corporate Payroll Fund of the
> City of Chicago.  In 1988, $484 million were appropriated for this Fund,
> which would appear to be more than adequate to guarantee payment of
> the $115,359.59 backpay award and the $51,882.53 attorneys' fees and
> costs award.

*Dillon*, 866 F.2d at 905.  The defendant municipality in *Dillon* presented substantial

5

evidence that it had a specific method of paying out judgments of the particular kind
required in the case and identified a specific fund from which it would pay the judgment.
In the instant case, however, Plaintiff has not made such a showing, and the court is
inclined to find that there is a real risk that Plaintiff may not have adequate funds to pay
Defendant if a bond were not posted.  Accordingly, even in the court were to grant
Plaintiff a stay pursuant to Rule 62(d), it would not waive the bond requirement.

### C.  Federal Rule of Civil Procedure 62(f)

Under Federal Rule of Civil Procedure 62(f):

> In any state in which a judgment is a lien upon the property of the
> judgment debtor and in which the judgment debtor is entitled to a stay of
> execution, a judgment debtor is entitled, in the district court held therein, to
> such stay as would be accorded the judgment debtor had the action been
> maintained in the courts of that state.

Fed. R. Civ. P. 62(f).

Plaintiff argues that it is "entitled to a stay without security under Fed. R. Civ. P.
62(f) because under Michigan law, judgments may become liens and municipalities are
exempt from filing stay bonds on appeal."  (Pl.'s Mot. at 3.)  Plaintiff relies upon *George
v. Sandor M. Gelman*, 506 N.W.2d 583 (Mich. Ct. App. 1993) in support of its contention
that Defendant has obtained a lien in satisfaction of the first requirement of Rule62(d).
Neither the *George* court nor any Michigan law that the court has identified, however,
provides that Defendant's judgment is an automatic lien upon Plaintiff's real property.
The *George* court held that:

> In Michigan, direct attachment of a debtor's real estate is disfavored.
> Chapter 60 of the Revised Judicature Act (RJA), M.C.L. § 600.6001 et
> seq.; M.S.A. § 27A.6001 et seq., ordinarily governs collection of
> judgments and execution against real estate for monies owed.  A

6

> judgment, by itself, does not create a lien against a debtor's property. Under the scheme provided in chapter 60, the creditor must first obtain a judgment for the amount owed, then execute that judgment against the debtor's property. A creditor may execute against real property owned by a debtor only after attempting to execute against the debtor's personalty and determining that the personal property is insufficient to meet the judgment amount. M.C.L. § 600.6004; M.S.A. § 27A.6004. To place a lien against a debtor's real property, the creditor must deliver the writ of execution and a notice of levy against the property to the sheriff, who then records the notice of levy with the register of deeds to perfect the lien.

*George*, 506 N.W.2d at 585. Under the express language of *George*, Michigan law does not provide for automatic attachment, and Plaintiff is not entitled to a stay under Rule 62(f).

Plaintiff asks the court to disregard Rule 62(f)'s requirement that the judgment be a lien upon the City's property. Specifically, Plaintiff argues that "other courts have suggested that, because 28 U.S.C. § 3201 now provides that federal judgments automatically become judgments upon filing of an abstract of the judgment – regardless of what state the action is brought in – the first clause of Rule 62(f) is 'redundant.'" (Pl.'s Mot. at 3 (citing *Hurley v. Atlantic City Police*, 944 F. Supp. 371 (N.D. N.J. 1996).)

*Hurley* stated, in a footnote:

> Fed. R. Civ. P. 62(f)'s limitation that stays are only awarded if state law provides that a judgment creates a lien on the real property of the judgment debtor may now be somewhat superfluous. Prior to 1990, a judgment in federal court created a lien on property only to the extent that the state in which the district was located created such a lien. 28 U.S.C. § 1962. In 1990, however, Congress passed a statute which provides that a federal judgment automatically becomes a lien upon filing of an abstract. 28 U.S.C. § 3201. Presumably, Rule 62(f) was originally drafted to avoid granting stays in those states which would block enforcement of a judgment without a bond and without the judgment becoming a lien on property. Section 3201 eliminates this possibility and may render the first clause of Rule 62(f) redundant.

7

*Id.* at 372, n.1.  This court is not bound by the *Hurley* court's dicta.  "Dicta comprises observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court.  Dicta - as opposed to a court's holdings - have no binding effect in subsequent proceedings in the same (or any other) case." *Municipality of San Juan v. Rullan*, 318 F.3d 26, 29, n 3 (1st Cir. 2003) (citation omitted).  The *Hurley* court noted that under New Jersey law, the judgment resulted in a lien on the judgment debtor's property, *Hurley*, 944 F. Supp. at 372, thus the court's comments on 28 U.S.C. § 3201 was not central to its analysis.  Second, the court is not persuaded by *Hurley*'s reasoning that 28 U.S.C. § 3201 has rendered Rule 62(f) redundant.  Rather, based on the plain language of the rule and federal case law, "Rule 62(f) is intended to only give an automatic stay in accordance with state law in those cases in which the judgment creditor has the security of his lien against real estate." *Van Huss v. Landsberg*, 262 F.Supp. 867, 869 (D.C. Mo. 1967).  In the absence of compelling authority to the contrary, the court will not nullify Rule 26(f)' s express language.  Plaintiff's motion under Rule 62(f) will be denied.

## II.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Stay Proceedings to Enforce Judgment Without Bond Pursuant to Fed. R. Civ. P. 62(b) & (f)" [Dkt. # 104] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  December 5, 2005

8

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 5, 2005, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\03-74279.TXU.DenyingMotionToStay.wpd