**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CITY OF DETROIT,

        Plaintiff,

v.                                Case No. 03-CV-74279-DT

TXU ENERGY RETAIL COMPANY, L.P. f/k/a
TXU ENERGY SERVICES and SEMINOLE
ENERGY SERVICES,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CITY OF**
**DETROIT'S MOTION TO SET AMOUNT OF SUPERSEDEAS BOND**

        Pending before the court is Plaintiff City of Detroit's (the "City's") motion to set the

amount of a supersedeas bond to stay enforcement of the judgment earlier entered in

this case pursuant to Federal Rule of Civil Procedure 62.  This case is on appeal to the

Sixth Circuit Court of Appeals which recently granted a stay of the judgment pending

appeal without the posting of a supersedeas bond to permit the court to "rule on the

pending motion to set the amount of a bond . . . ."  (*See* Dkt. # 145.)  For the reasons

stated below, the court will grant in part and deny in part Plaintiff's motion.

**I.  BACKGROUND**

        Plaintiff originally filed this action in October of 2003 claiming a breach of contract

by Defendants TXU Energy Retail Company L.P. f/ka/ TXU Energy Services ("TXU")

and Seminole Energy Services ("Seminole") arising from a natural gas supply contract

(the "Contract").  The dispute centered on whether the Contract required Plaintiff or

Defendants to pay the cost of transportation of the natural gas from the "City Gate" to

2:03-cv-74279-RHC   Doc # 147   Filed 06/12/06   Pg 2 of 7   Pg ID 7837

the individual City facility meters.  Defendants had previously been paying all the amounts in dispute before the litigation commenced.  Amounts due Defendant Seminole were placed in an escrow account by Plaintiff, pending the outcome of the litigation. Plaintiff filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (c) on August 4, 2004.  That motion was denied without prejudice pending conclusion of a bench trial on the merits of Defendants' counterclaim for reformation of the contract.

On April 25, 2005, the court began a three-day bench trial on Defendants' counterclaim, and on September 14, 2005, ordered that a "constructive trust" was imposed in favor of Seminole on the escrowed funds, then in excess of $7,000,000.00, and any interest accumulated thereon.  (*See* Dkt. # 99.)  On September 21, 2005, the court issued its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 on Defendants' counterclaim for reformation of the contract.  The court determined that Defendants were entitled to reformation of the contract and that Plaintiff was liable for payment in the amount of $6,994,343.85 as of March 31, 2005. Interest in the amount of $633,294.53 was due, the court held, pursuant to the City's Prompt Payment Ordinance.  (*See* Dkt # 100.)  On September 29, 2005, judgment was entered in favor of Defendants.  Plaintiff's motions for new trial and for stay without bond have been denied.

Plaintiff now seeks a supersedeas stay bond pursuant to Federal Rule of Civil Procedure 62 in the amount of $8,500,000 based on the federal statutory interest rate, while Defendant Seminole seeks a bond in the amount of $9,875,829.47.

2

Plaintiff argues, in its two-paragraph brief in support of its motion, that the judgment at issue in this matter should accrue interest at the rate provided by 28 U.S.C. § 1961(b) compounded annually, which is currently 3.320%.

Plaintiff argues that the appropriate calculation is:

| | |
|---|---|
| Principal Judgment: | $6,994,343.85 |
| Interest til March 31, 2005 | $ 633,294.53 |
| Total: | $7,627,638.38 |
| Interest Year One | $ 253,237.59 |
| Interest Year Two | $ 261,645.08 |
| Interest Year Three | $ 270,329.95 |
| Total (March 2008) | $8,412,850.70 |

(Pl.'s Br. at 4.)[1]

Plaintiff maintains that even if the present appeal consumes the time through March 2008 and Defendants prevail, the eventual judgment should be protected with a bond of only $8,500,000. (*Id.* at 4-5.) Plaintiff provides no detail or explanation supporting the propriety of a bond pursuant to Rule 62 in the first instance, nor has Plaintiff set forth or analyzed the standards the court must employ in making such a determination. For such assistance, the court must turn to the briefing supplied by Defendant Seminole.

Federal Rule of Civil Procedure 62(d) governs whether an appellant is able to obtain a stay pending appeal. It provides that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of the filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

---

[1]The page to which the court cites is labeled page 4, but is actually the first page of Plaintiff's brief.

3

Fed. R. Civ. P. 62(d).

The Sixth Circuit explained the import of Rule 62(d) in *Arban v. West Pub. Corp.*

345 F.3d 390 (6th Cir. 2003):

> Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.,* 385 U.S. 931 (1966)). However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.*

*Id.* at 409.

In its response to Plaintiff's motion, Defendant Seminole argues that the court's judgment in this case does not qualify as a "money judgment," as contemplated by Rule 62(d), and that the award of the escrowed funds is "more in the nature of a declaratory judgment ordering Plaintiff to pay [Defendant] its own money . . . ." (Def. Seminole's Resp. at 1.) Instead, Defendant Seminole contends that Rule 62(c) is more apposite, and that the court's discretion required under that provision should be exercised to deny the relief. Rule 62(c) provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order.

Fed. R. Civ. P. 62(c).

## II. DISCUSSION

In Michigan a "money judgment" for the purposes of Mich. Comp. Laws §
600.6013(1)[2] "is one that adjudges the payment of a sum of money, as distinguished
from directing an act to be done."  *People v. $176,598.00 United States Currency*, 618
N.W.2d 922, 925 (Mich. Ct. App. 2000) (citing *Marina Bay Condominiums, Inc. v.
Schlegel,* 423 N.W.2d 284, 288 (Mich. Ct. App. 1988); *City of Warren v. Dannis,* 357
N.W.2d 731, 735-36 (Mich. Ct. App. 1984)).

In the instant case, the court has ordered the contract reformed, which is a form
of equitable relief.  *See Farm Bureau Mut. Ins. Co. v. Buckallew,* 685 N.W.2d 675, 680
(Mich. Ct. App. 2004) (referring to "the equitable remedies of rescission or reformation
of a contract.") (citing *Lenawee Co. Bd. of Health v. Messerly,* 331 N.W.2d 203, 210
(Mich. 1982)).  A consequence of the reformation was that Plaintiff is ordered to pay
Defendant Seminole certain moneys heretofore withheld.  This component of the court's
judgment "adjudges the payment of a sum of money, as distinguished from directing an
act to be done," *see $176,598.00 United States Currency*, 618 N.W.2d at 925, and
therefore constitutes a "money judgment," *see also General Discount Corp. v.
Sadowski,* 183 F.2d 542, 543 (6th Cir. 1950) ("This appeal is from a final judgment and
decree of the district court reforming a contract in writing between the parties; and,
under such reformation, entering a money judgment for $96,718.88, with interest . . . .").

Rule 62(d) being applied to the present circumstances, and the Rule providing in
part that "[t]he bond may be given . . . after the time of the filing the notice of appeal,"
the only remaining question is at what level the amount should be set.  Plaintiff argues

---

[2] Section 1 of Mich. Comp. Laws § 600.6013 provides for interest on a "money
judgment" recovered in a civil action.

5

that a bond in the amount of $8,500,000 is sufficient.  The court disagrees as

Defendants have correctly summarized the applicable amounts as totaling in excess of

$9,000,000.00:

| | |
|---|---:|
| Principal judgment (the escrowed funds): | $7,025,050.11 |
| Interest on escrowed funds: | $2,053,913.55 |
| Prevailing party's attorney fees: | $712,794.00 |
| Costs: | $12,013.41 |
| Interest on fees and costs: | $72,778.39 |
| Total: | $9,875,829.47 |

The court finds that Defendant Seminole is suffering prejudice by being deprived

of its own money during the pendency of this litigation and appeal.  The court has

determined on two previous occasions, in both its "Findings of Fact and Conclusions of

Law" and its constructive trust order that the escrowed funds belong to Defendant

Seminole.  The court can identify nowhere in the record where Plaintiff has contested

the amount of Defendant Seminole's gas invoices.  Pursuant to 28 U.S.C. § 1961,

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district

court. . . .  Such interest shall be calculated from the date of the entry of the judgment,

at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding."  28 U.S.C. § 1961 (a).  Therefore, the court concludes that Defendant

Seminole is entitled to interest on the escrowed funds through September 29, 2005, the

date of judgment, at the City of Detroit Payment Ordinance rate, and interest at the

federal statutory rate thereafter.  The weekly average 1-year constant maturity Treasury

yield for the week ending September 23, 2005 was 3.88%.  (*See* Def.'s Resp. at Ex. A.)

The interest accrued on the escrowed funds from September 29, 2005 through March

31, 2008 is $826,791.60.  (*Id.*)  From September 29, 2005 through March 31, 2008, the

interest accrued on Defendant Seminole's attorney fees and costs is $71,572.12 and

$1,206.27, respectively.  (*Id.*)  Accordingly, the court will grant Plaintiff's motion for a

stay, but will deny Plaintiff's request that the supersedeas bond be set at $8,500,000.00.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's motion to set amount of supersedeas bond [Dkt.

# 127] is GRANTED IN PART AND DENIED IN PART and Plaintiff shall file a

supersedeas bond in the amount of $9,875,829.47 not later than 14 days from the date

of entry of this Order.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 12, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522