**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CITY OF DETROIT,

      Plaintiff,

v.                                         Case No. 03-CV-74279-DT

TXU ENERGY RETAIL COMPANY, L.P.
f/k/a TXU ENERGY SERVICES and
SEMINOLE ENERGY SERVICES,

      Defendants.
_____/

**OPINION AND ORDER AWARDING DEFENDANTS ATTORNEYS' FEES**

In its December 19, 2006 "Order . . . Granting in Part Defendants' Motions for Attorneys' Fees," the court awarded Defendant TXU Energy Retail Company, L.P. ("TXU") and Defendant Seminole Energy Services, LLC ("Seminole") their reasonable "attorneys' fees associated with (1) communicating with Plaintiff regarding Plaintiff's noncompliance; (2) Defendants' motions to compel; (3) any depositions that were re-taken in light of information Plaintiff inappropriately withheld; and (4) Defendants' motions for sanctions."  (12/19/06 Order at 13-14.)  The court withheld ruling on the final amount of the award, pending either a stipulation from the parties or Defendants' amended fee applications detailing their attorneys' fees solely related to the above categories.  Pursuant to the court's order, Defendants have filed their affidavits, with supporting documentation, attesting to their relevant fees and costs.  After careful consideration, the court finds Defendants' requests are reasonable, and will award Defendants their requested attorneys' fees and costs.

### I.  STANDARD

The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case).  In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433-434.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Id*.  Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.  *Id*. at 430 n.3.

### II.  DISCUSSION

#### A.  Reasonable Hourly Rate

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community.  *Blum v. Stenson,* 46 U.S. 886, 897 (1984). "[T]he burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience

2

and reputation." *Id.* at 896 n.11.  An attorneys' fee award must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id.* (internal quotations and citations omitted).

In calculating a reasonable hourly rate, the court considers "prevailing market rates in the relevant community" of metro-Detroit, Michigan.  *Id.* at 897; *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted) ("[W]hen a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction."). District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.  *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006).  The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for attorneys in large firms (over 100 attorneys) like Hall Estill, Dickinson Wright and Hunton & Williams was $241 per hour, and the average rate for attorneys practicing in downtown Detroit was $238 per hour.  (2003 Mich. Bar Survey at 25-26.)

The 2003 Michigan Bar Survey reports state-wide rates for associates, partners and attorneys specializing in litigation defense.  (*Id.*)  Because Defendants' local counsel practice in the Detroit area, and the court finds that the prevailing rates in Detroit, not Michigan generally, are the appropriate rates to apply to out-of-town counsel in this case, the court "has increased those rates by the percentage difference between

3

the average rate for attorneys practicing in Detroit and the average rate for attorneys practicing state-wide (43%)." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 948 (E.D. Mich. 2005). Accordingly, the average hourly rates for attorneys practicing in downtown Detroit are $300.30 for equity partners, $211.64 for associates and $304.59 for litigation defense attorneys. (*See* 2003 Mich. Bar Survey at 25-26.)

Seminole seeks to recover its attorneys' fees for work performed by attorneys from the Oklahoma office of Hall Estill and the Detroit office of Dickinson Wright. Partners from Hall Estill charged Seminole rates ranging from $175 to $275 for their work on this case, and associates from Hall Estill charged Seminole between $92.11 and $145.37. (Seminole's Ex. A.) Local counsel Brian Akkashian of Dickinson Wright charged Seminole $255 per hour for his services. (Seminole's Ex. C.) Compared to the average rate in the Detroit market, Seminole's requests constitute a fair billing rate for fee award purposes. Additionally, these rates are comparable to other fee awards granted in this district. *See Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032 (E.D. Mich. Mar. 8, 2006) (finding reasonable attorney hourly rates of $200 and $250); *Disabled Patroits of Am. v. Romulus Nights, Inc.*, No. 04-60258, 2005 WL 3132206 (E.D. Mich. Nov. 22, 2005) (awarding attorneys' fees at a rate of $300 per hour); *Gratz*, 353 F. Supp. 2d at 929 (awarding attorneys' fees based on rates ranging from $188-$290); *Fuhr v. Sch. Dist. of Hazel Park*, 131 F. Supp. 2d 947 (E.D. Mich. 2002) (finding reasonable the requested $275 hourly rate).

TXU seeks to recover its attorneys' fees for work performed by attorneys from the Dallas office of Hunton & Williams and local counsel Young & Susser. Hunton & Williams associate Andrew Szygenda charged TXU a rate of $210 per hour, and Young

4

& Susser associate David Garcia charged TXU $190 per hour. (TXU's Exs. A & B.) Comparing these rates to the Michigan Bar Survey and the rates awarded by other courts, as detailed above, the court finds these associate hourly rates reasonable. Hunton & Williams partners Thomas Lillard and Robert Wise charged TXU hourly rates of $390 and $355, respectively, for their work on this case, and Steven Susser of Young & Susser billed at a rate of $325 per hour. (*Id.*) As stated above, the average rate for equity partners in downtown Detroit is $300.30. This rate increases to $357.50 for the 75th percentile, and $476.19 for the 95th percentile. Because TXU seeks an award of an hourly rate that is around or above the 75th percentile of partners who practice in the downtown Detroit area, this rate is too high to constitute the lodestar figure. The court, however, may adjust the lodestar amount, here $300.30, based on a number of factors. *Hensley*, 461 U.S. at 433-434. Here the court finds that the difficulty of the case, the skill necessary, the attorneys' customary fee,[1] the amount involved and results obtained justify the increased rates. *See id.* at 430 n.3. Accordingly, the court finds as reasonable TXU's requested rates for attorneys' fees purposes.

Both Defendants also seek to recover paralegal fees ranging from $86.43 to $120 per hour. (Seminole's Ex. A; TXU's Exs. A & B.) According to the 2003 Michigan Bar Survey, the median hourly billing rates for paralegals in firms with 20 or more attorneys ranged from $70 to $100 per hour depending on the paralegal's experience.

---

[1] In their affidavits, Thomas Lillard of Hunton & Williams and Steven Susser of Young & Susser attest that "[t]he charges further reflect the hourly rates customarily billed to similar clients . . . for professional services of the designated personnel at the stated times." (Lillard Aff., TXU's Ex. A at 5; Susser Aff., TXU's Ex. B at 3.)

5

(2003 Mich. Bar Survey at 27.)  Although the rates requested are at the high end of this range, taking into account rate increases from 2003 to 2004-2005, the rates awarded in similar cases and the complexity of the case, the court finds that Defendants' requested rates are reasonable.  See *Gratz*, 353 F. Supp. 2d at 949 (awarding paralegals an hourly rate of $100); *Kissinger, Inc. v. Singh*, 304 F. Supp. 2d 944, 954 (W.D. Mich. 2003) (finding paralegal rate of $95 per hour reasonable).

### B.  Number of Hours Reasonably Expended

After carefully reviewing Defendants' affidavits and comprehensive timesheets, the court finds that the number of hours Defendants' attorneys have spent  (1) communicating with Plaintiff regarding Plaintiff's noncompliance; (2) bringing Defendants' motions to compel; (3) re-taking depositions in light of information Plaintiff inappropriately withheld; and (4) bringing Defendants' motions for sanctions are reasonable.  The hours claimed are neither vaguely documented nor excessive, and were expended as a direct result of Plaintiff's own repeated failures to comply with their discovery obligations.  Accordingly, the court will award Seminole its requested $103,386.29 in attorneys' fees and TXU its requested $109,785.50 in attorneys' fees.

Additionally, Defendants request a fee award for the attorney time spent preparing their fee applications.  (Seminole's Supp. Aff.; TXU's Ex. A.)  Because the court finds that the time spent in preparing the requested applications is reasonable and compensable, the court will also award Seminole $4,964.50 and TXU $3,325.00 for attorneys' fees incurred in preparing their fee applications.  *See Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (ordering award for reasonable attorney time spent preparing fee application).

### C. Associated Costs

In their fee affidavits, Seminole and TXU request costs other than attorneys' fees incurred as a result of Plaintiff's bad faith conduct during discovery. Seminole submits that it incurred $8,899.24 in related costs, and TXU requests $16,379.86 in legal research and costs related to travel. (Seminole's Exs. B & C; TXU's Exs. A & B.) The court finds that Defendants' legal costs were reasonably and directly incurred as a result of Plaintiff's bad faith conduct, and should be properly awarded.

### III. CONCLUSION

IT IS ORDERED that Plaintiff City of Detroit pay Defendant TXU $129,490.36 and Defendant Seminole $117,250.03 in reasonable attorneys' fees and costs. Per the court's December 19, 2006 order, Plaintiff is FURTHER ORDERED to file a supersedeas bond to cover both the interest on the escrowed funds improperly withheld in the amount of $2,053,193.55, and the $246,740.39 attorneys' fee award, for a total supersedeas bond of $2,299,933.94 within **7 days** from the date of this order.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 20, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522