**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CITY OF DETROIT,

    Plaintiff,

v.                                             Case No. 03-CV-74279-DT

TXU ENERGY RETAIL COMPANY, L.P.
f/k/a TXU ENERGY SERVICES and
SEMINOLE ENERGY SERVICES,

    Defendants.
                                  /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT SEMINOLE ENERGY SERVICES, L.L.C.'S MOTION FOR ORDER
IN AID OF EXECUTION REGARDING PAYMENT OF INTEREST"**

Pending before the court is Defendant Seminole Energy Services, L.L.C.'s ("Seminole's") "Motion for Order in Aid of Execution Regarding Payment of Interest." Having reviewed the motion,[1] the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part Seminole's motion.

Seminole brings its motion, contending that it "is entitled to pre and post-judgment interest at the rate set forth in its natural gas supply contract with the City of Detroit and incorporated into the judgment entered in favor of Seminole and against the City of Detroit as filed on September 29, 2005." (Def.'s Mot. at 1.) Seminole bases its motion on the contention that the court's September 27, 2005 judgment ordered that both the pre- and post-judgment interest should be calculated according to Ordinance

---

[1]Plaintiff City of Detroit (the "City") has failed to file an answer as required by Eastern District of Michigan Local Rule 7.1(b).

No. 42-98, entitled Prompt Payment of Vendors, Sections 18-5-71 through 18-5-79 of the Detroit City Code ("Payment Ordinance"). Seminole's argument is both unsupported by the court's judgment and contrary to its prior position and the court's orders adopting said position.

In its September 21, 2005 "Findings of Fact and Conclusions of Law Pursuant to Fed. R. Civ. P. 52 on Defendants' Claim for Reformation of Contract," the court reformed the parties' contract and found that

> 9) Seminole is entitled to interest as set forth in the Payment Ordinance on the withheld payment in the amount of $633,294.53, as of March 31, 2005.
>
> 10) The City must be ordered to make immediate payment of $6,994,343.85, plus interest in the amount of $633,294.53, as of March 31, 2005, to Seminole, *and whatever additional withheld payments and interest beyond March 31, 2005, are calculated consistent with these findings and conclusions.*

(9/21/05 Order at 16.) These findings of fact and conclusions of law were incorporated into the court's September 27, 2005 judgment. (See 9/27/05 Judgment at 2.) None of the court's findings and conclusions stated that post-judgment interest would be calculated according to the Payment Ordinance.

On January 6, 2006, Seminole submitted a "Response and Brief in Support in Opposition to Plaintiff City of Detroit's Motion to Set Amount of Supersedeas Bond to Stay Proceedings to Enforce Judgment Pursuant to Fed. R. Civ. P. 62." In its response, Seminole submitted that

> Seminole is entitled to interest on the Escrowed Funds at the contract interest rate, which is the Payment Ordinance interest rate, through the entry of the Judgment on September 29, 2005. Therefore, the interest on the Escrowed Funds through September 29, 2005 is $1,226,401.95, which amount includes the interest amount of $633,294.53 set forth in the

2

> Judgment. See Exhibit A hereto. *From September 30, 2005 through March 31, 2008, Seminole is entitled to interest on the Escrowed Funds at the applicable federal statutory interest rate set forth in 28 U.S. C. § 1961.*

(Def.'s 1/6/06 Resp. at 10 (emphasis added).) In its June 12, 2006 order, the court adopted Seminole's position, finding that "Seminole is entitled to interest on the escrowed funds through September 29, 2005, the date of judgment, at the City of Detroit Payment Ordinance rate, and interest at the federal statutory rate thereafter." (6/12/06 Order at 6.) The court re-affirmed this finding in its December 19, 2006 order. (*See* 12/19/06 Order at 9 ("In addition to the $633,294.53 interest owed as of March 31, 2005, Seminole is entitled to interest on the escrowed funds through September 29, 2005, the date of judgment, at the City of Detroit Payment Ordinance rate, and interest at the federal statutory rate thereafter.").) Seminole neither contested the court's findings on the interest calculations nor altered its own position in this regard until the instant motion. The Sixth Circuit's February 21, 2007 order affirmed the court's orders in all respects. (*See* Sixth Cir. 2/21/07 Order.)

Seminole has failed to provide the court with any reason to differentiate between (1) the interest rate requested by Seminole, and granted by the court, in the context of setting a bond amount and (2) the actual interest rate owing under the judgment. The court therefore finds that Seminole is entitled to pre-judgment interest as provided under the Payment Ordinance and post-judgment interest at the federal statutory rate. Accordingly,

IT IS ORDERED that Defendant Seminole's "Motion for Order in Aid of Execution Regarding Payment of Interest is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to the pre-judgment interest, which will be calculated at

3

as set forth in the Payment Ordinance, and it is DENIED as to the post-judgment interest, which will be calculated at the Federal post-judgment rate.

IT IS FURTHER ORDERED that Defendant Seminole submit a proposed order reflecting the outstanding interest owing through May 2007, re-calculated pursuant to this order, by **Friday, May 18, 2007**.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2007, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522